STATE of Minnesota, Respondent,

v.

Martin KRZYWICKI, Appellant.

No. 81–884.

Supreme Court of Minnesota.

Dec. 10, 1982.

**6**

Warren Spannaus, Atty. Gen., Norman B. Coleman, Jr., and Jerry S. Anderson, Sp. Asst. Attys. Gen., St. Paul, Michael T. Milligan, County Atty., Walker, for appellant.

C. Paul Jones, Public Defender, and Robert D. Goodell, Asst. Public Defender, Minneapolis, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of three counts of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(a), (b) (1980), for acts of sexual misconduct in June 1977, October 1978 and December 1979. He was sentenced by the trial court to two consecutive 20-year prison terms and one concurrent 20-year prison term. On this appeal from judgment of conviction, defendant contends that he should be given a new trial because the trial court prejudicially erred in certain evidentiary rulings and in refusing to question the jurors about their possible exposure to television shows, aired in the evening during trial, dealing with the subject of sexual abuse of children. We affirm.

Defendant's main contention on appeal is that his trial counsel was improperly prevented from fully cross-examining Dean Cameron, a separately tried codefendant who testified against defendant, concerning (a) inconsistent statements Cameron made to psychiatrists at the security hospital at St. Peter in connection with a so-called Rule 20 mental examination and (b) a specific instance of misconduct in 1978 when Cameron allegedly lied to police concerning his participation in the bombing of an apartment. The trial court's ruling concerning the statement to the police was a discretionary determination under Minn.R.Evid. 608(b) and 403. The issue concerning the statements made at the Rule 20 examination is an issue which we do not address at this time. Our examination of the record satisfies us that defendant was not prejudiced by the trial court's ruling and that therefore there is no need to determine whether the ruling was erroneous.

■ Defendant also contends that the trial court prejudicially erred in allowing the prosecutor to briefly elicit, as a preliminary matter, that one of the juvenile victims of defendant's misconduct attended church regularly. Although it appears that this evidence was improperly admitted, Minn.R.Evid. 610, the prosecutor did not belabor the point and defendant clearly was not prejudiced by it.

■ Defendant also challenges the prosecutor's elicitation of evidence that at one point the defendant threatened to harm physically or even kill the victim. This evidence was clearly admissible as an integral part of one of the acts of misconduct upon which defendant was charged.

■ Defendant next challenges the prosecutor's elicitation of evidence that the name defendant has been using since about

1966 is not his real name. The trial court properly admitted this evidence so that the jury would not be confused about defendant's identity. The prosecutor did not use the evidence as evidence of defendant's guilt, and the trial court cautioned the jury against using it as such and stated that defendant had been candid from the start about his true identity. The trial court sustained a defense objection when the prosecutor appeared to be using the evidence to support an improper argument in his closing statement.

■ Defendant's final contention is that the trial court erred in refusing to question jurors about two television shows that were aired in the evening on one of the days that the trial was in progress. The shows ostensibly dramatized the subject of sexual abuse of children. The trial court's view was that numerous television shows deal with this subject and that he was under no obligation to question the jurors in the case merely because these particular programs had been aired. Defendant has not cited any cases that persuade us that the trial court erred. We believe that the trial court acted properly.

In conclusion, the record on appeal reveals that the evidence of defendant's guilt was overwhelming and that no prejudicial error was committed at trial which entitles defendant to a new trial.

Affirmed.

SIMONETT, J., took no part in the consideration or decision of this case.